MORRIS YARMAK, Doing Business as MID-TOWN TRADING COMPANY, Judgment Creditor, v. JACK PERRY, Doing Business as PERRY JEWELRY COMPANY, Judgment Debtor.

City Court of New York, New York County, August 18, 1943.

*Archibald N. Galloway* for judgment debtor.

*Jacob Hecht* for judgment creditor.

McCULLEN, J. This is a motion by the judgment debtor to vacate the injunctive and restraining provisions of two third-

party subpœnas. The judgment debtor conducts a jewelry business in Mississippi and in the course of that business sends watches received from his customers to New York City to be repaired. The judgment creditor, who obtained a judgment in the Municipal Court, served the subpœnas in question restraining the third parties from delivering the watches to the debtor. Of the 147 watches held by the third parties, 11 are the property of the debtor, and the remaining 136 watches, although the property of customers of the debtor, are subject to an artisan's lien for the amount of the repairs. They are also subject to an artisan's lien by the third parties located in New York.

The question resolves itself into this: Can an artisan's lien be attached for a debt owed by the artisan? The lien is a property right, and as such can be attached. The Court of Appeals has stated that " a lien is property in the broad sense of that word, and although it has no physical existence it exists by operation of law so effectively as to have pecuniary value, and to be capable of being bought and sold." (*Haebler* v. *Myers,* 132 N. Y. 363, 368.) If a lien is capable of being bought and sold, the court can see no reason why it cannot be attached.

The court is cognizant of the fact that, with the exception of 11 watches, the watches themselves are not the property of the judgment debtor, and it is inequitable to prevent the rightful owners from obtaining their property upon the payment of the agreed repair charges. Therefore, because of the circumstances, a receiver will be appointed to hold those watches belonging to the judgment debtor and to dispose of them and to notify the owners of the remaining watches that they may obtain them by remitting the agreed repair charges to the receiver, unless within ten days after receipt of a copy of the order the judgment debtor puts up a bond equal to the amount of the Municipal Court judgment, plus 6% interest for six months, plus costs, in which case the injunctive and restraining provisions are vacated. Justice in this case demands that the full amount of the judgment be secured. (See Civ. Prac. Act, § 799.)

Settle order.